**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-08-372 |
| | § | C.A. No. C-10-57 |
| TOMMY DAVID SHEFFIELD, | § | |
|     Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO VACATE, SET ASIDE OR**
**CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is a motion under 28 U.S.C. § 2255 filed by the Defendant Tommy

David Sheffield ("Sheffield"), with supporting memorandum, both of which were received by the

Clerk on February 16, 2010.  (D.E. 64, 65.)[1]  Also before the Court is the government's motion for

summary judgment pursuant to the plea agreement waiver in this case, as well as an alternative

response and motion to dismiss.  (D.E. 72, 73.)  Sheffield has filed a reply (D.E. 74), which the

Court has also considered.

For the reasons set forth herein, the Court concludes that Sheffield's motion is subject to

dismissal because he validly waived his right to file the claims therein.  The sole challenge to the

validity of his plea agreement is denied on its merits, and the remainder of his claims are barred by

his waiver.  The Court thus GRANTS the United States' motion for summary judgment (D.E. 73)

and DENIES Sheffield's § 2255 motion (D.E. 64.)  The Court also DENIES Sheffield a Certificate

of Appealability.

---

[1] Docket entry references are to the criminal case.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  BACKGROUND

Sheffield was charged with a co-defendant in a three-count indictment with: (1) conspiracy

to possess with intent to distribute more than 1000 kilograms of marijuana, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(A) and 846. (Count One); (2)  possession with intent to distribute

approximately six hundred and three (603) kilograms of marijuana, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2 (Count Two); and (3) possession with intent to

distribute approximately four hundred and forty-seven (477) kilograms of marijuana, in violation

of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2 (Count Three). (D.E. 18.)

He pleaded guilty on September 29, 2008 to Count Three pursuant to a written plea

agreement with the United States.  (D.E. 38; see also minute entry dated September 29, 2008.)  In

exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the

government agreed to recommend that Sheffield receive the maximum credit for acceptance of

responsibility and to recommend a sentence at the lowest end of the applicable guideline range.

(D.E. 38 at ¶¶ 1-2.)  The plea agreement contained a voluntary waiver of Sheffield's right to appeal

and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the
> sentence imposed.  Defendant is aware that 18 U.S.C. § 3742 affords
> a defendant the right to appeal the sentence imposed.  The defendant
> waives the right to appeal the sentence imposed or the manner in
> which it was determined.  The defendant may appeal only (a) a
> sentence imposed above the statutory maximum; or (b) an upward
> departure from the Sentencing Guidelines which had not been
> requested by the United States, as set forth in 18 U.S.C. § 3742(b).
> Additionally, the defendant is aware that 28 U.S.C. § 2255, affords
> the right to contest or "collaterally attack" a conviction or sentence

after the conviction or sentence has become final.  The defendant
waives the right to contest his/her conviction or sentence by means
of any post-conviction proceeding.

(D.E. 38 at ¶ 7 (emphasis in original).)  The agreement was signed by Sheffield and his counsel.

(D.E. 38 at 5.)

At Sheffield's rearraignment, the Court explained the waiver provision to him and to the

other defendants pleading guilty that day.  The Court inquired as to whether Sheffield was  aware

that his plea agreement contained the waiver provision, and Sheffield said he was.  (S. Tr. at 17-18.)

With regard to the waiver of § 2255 rights, the following exchange took place:

> THE COURT: Okay.  It waives the right to appeal your conviction as
> well as your sentence.  That is what we call a direct appeal.  It also
> waives your right to collaterally attack through Section 2255 your
> conviction or sentence.  That's another way that you can try to get
> your sentence or conviction set aside.  You have waived both rights
> under this agreement.  Were each of you aware that the waiver was
> in the agreement before you signed it?
>
> (All defendants answer yes.)
>
> THE COURT:  Did each of you discuss this waiver with your lawyer
> before you signed the agreement?
>
> (All defendants answer yes.)
>
> THE COURT:  Okay.  Do each of you feel like based upon your
> discussions with your lawyer that you understand the effects of the
> waiver on your case and your right to appeal?
>
> (All defendants answer yes.)
>
> THE COURT:  Do you have any questions you want to ask me about
> the waiver and its effect on your case?
>
> (All defendants answer no.)

(R. Tr. at 18.)

Sheffield also told the Court that he had read and discussed his plea agreement with his lawyer before signing it, that he understood the terms of the agreement, and that he had signed it voluntarily. (R. Tr. at 12-13.) He further testified that no one had offered him anything to get him to plead guilty other than what was in the plea agreement. (R. Tr. at 13.) It is clear from the foregoing that Sheffield's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The amended Presentence Investigation Report (D.E. 55) concluded that Sheffield should be held accountable for a total of 1,050 kilograms of marijuana, establishing a base offense level of 32. (PSR at ¶ 14.) After a three-level adjustment for acceptance of responsibility, his total offense level was determined to be 29. (PSR at ¶ 23.) Coupled with his criminal history category of I, his advisory guideline range was 87 to 108 months. (PSR at ¶ 47.)

Sheffield's counsel filed a Sentencing Memorandum (D.E. 54). Among other objections and sentencing requests, counsel specifically objected to Sheffield being accountable for more than the amount he pleaded guilty to Count Three. (D.E. 54 at 1-2.) Counsel also argued that Sheffield was entitled to safety valve relief. (D.E. 54 at 2.)

At sentencing, the Court overruled Sheffield's objection to the drug amounts, but ultimately awarded him safety-valve relief, resulting in an advisory guideline range of 70 to 87 months. The Court sentenced Sheffield to 70 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release. The Court also imposed a $100 special assessment. (D.E. 59; see also February 13, 2009 Minute Entry.) Final judgment was entered on February 23, 2009. (D.E. 59.) Sheffield did not appeal and had not filed any other post-conviction motions until the

instant motion.

His § 2255 motion was received by the Clerk on February 16, 2010.  It is timely.

### III.  MOVANT'S ALLEGATIONS

In his motion, Sheffield lists a single ground for relief.  Specifically, he claims that the Court imposed an improper sentence because the Court held him responsible for more marijuana than he pleaded guilty to.  He argues that he pleaded guilty only to Count Three of the indictment, which was for possession with intent to distribute 447 kilograms of marijuana.  He contends that he should not be held responsible for more than that amount because he never pleaded guilty to any additional amounts, and did not plead guilty to conspiracy. (D.E. 64 at 4.)  In his supporting memorandum, Sheffield relies on the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) and argues that  his counsel failed to "adhere" to the principles in that case when negotiating Sheffield's plea agreement (D.E. 65 at 3) and that the Court's use of the additional drug amounts at sentencing constituted Booker error. (Id. at 5.)  In his reply, he claims that his counsel failed to advise him he could be held responsible at sentencing for the entire amount or drugs.  (See D.E. 74.)

Sheffield requests that he be resentenced and that, at resentencing, he be held accountable only for the 447 kilograms he pleaded guilty to.  He requests a revised sentence of 46 months.  (D.E. 64 at 13; D.E. 65 at 5.)

### IV.  ANALYSIS

**A.      28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the

statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28

U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C.

§ 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that

could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage

of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge

may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

**B.      Claim of Ineffective Assistance of Counsel as to Plea**

As noted, Sheffield appears to argue in his reply that counsel was ineffective for failing to

properly advise him of the consequences of a guilty plea to Count Three, and for failing to advise

him that he could be held responsible for the entire amount.  His claim that counsel may have so

advised him finds some support in the record.  Specifically, defense counsel stated in his objections

to the PSR that Sheffield had pleaded guilty only to the amount he was transporting "and was of the

understanding that he would be held accountable only for that amount of marijuana."  (D.E. 54 at

1.)  At sentencing, however, the Court inquired about this and asked counsel whether there was any

type of agreement with the United States that Sheffield would be held responsible only for his load.

Counsel explicitly said there was no such agreement with the government and no overreaching by

the government.  Instead, counsel explained that it was "our hope that's the way it could be

interpreted, but we explained the law and said it could be the entire amount."  (S. Tr. at 9.)

Even assuming that counsel's advice was deficient, however, Sheffield's claim fails because

he cannot establish prejudice.  Specifically, in order to show prejudice arising from an attorney's

ineffective assistance during the plea negotiations or the plea itself, Sheffield must show that, absent

his counsel's deficiencies, he would have proceeded to trial.  See also United States v. Glinsey, 209

F.3d 386, 392 (5th Cir. 2000) (in order to show prejudice as a result of ineffective assistance during the guilty plea process, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial") (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  This is a showing that cannot be met here.  The rearraignment transcript clearly establishes that Sheffield's decision to plead guilty was his own and that it was entirely voluntary.

Moreover, Sheffield's belated claim that he would have proceeded to trial had he known he faced the possibility of a 70-month sentence is belied by both the record and logic.  First, he was expressly told at his rearraignment that the punishment range was a mandatory minimum of five years up to forty years in custody.  (R. Tr. at 14.)  He testified that he understood.  (Id.)

Additionally, had he gone to trial, it is highly likely that the jury would have found him guilty, based on the evidence in this case and the apparent willingness of his co-defendant to testify against him.  Had he been convicted after a trial, his applicable sentencing guideline range would have been higher.  This is true because the aspects of his sentence that he challenges would not have been changed.  That is, the Court would still have included the entire amount of marijuana seized from both defendants, and Sheffield probably would not have received a three-level reduction for acceptance of responsibility.   At the very least, then, his resulting offense level would have been three levels higher, and would likely have resulted in a higher sentence. Thus, had he gone to trial his sentence likely would have been higher.  For all of these reasons, it simply does not make sense that he would have made the choice to go to trial, instead of choosing – quite logically – to plead guilty.

In short, Sheffield cannot prove the prejudice prong of the Strickland inquiry. Any claim of

ineffective assistance in the plea process fails.

Because the Court concludes that Sheffield's sole challenge to the validity of his plea agreement fails, the Court finds that his plea agreement and his waiver of § 2255 rights contained therein are valid and enforceable.  Accordingly, the Court turns to the effect of his waiver of § 2255 rights on his remaining claim.

## C.    Waiver of § 2255 Rights

Sheffield's claims are not properly before the Court because he waived the right to bring the claims he raises in his § 2255 motion.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McGivney, 406 F.3d 744 (5th Cir. 2005) (enforcing waiver of appeal rights).  It is clear from the rearraignment transcript that Sheffield understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for a knowing waiver.  See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up); see supra at pages 2-4.  Sheffield's sworn statements in open court are entitled to a strong presumption of truthfulness.  United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy."  United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).  Those statements support a finding that Sheffield's waiver was knowing and voluntary.

Moreover, Sheffield's remaining claims fall within the scope of his waiver. Notably, he does not challenge the validity of his waiver of § 2255 rights.  Instead, his primary claim is that the Court erred at sentencing.  To the extent it can be construed as an ineffective assistance of counsel at

sentencing claim,  it is nonetheless barred by his waiver.  See United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives a waiver of § 2255 rights "only when the claimed assistance directly affected the validity of that waiver or the plea itself").

Sheffield's claim is also barred from consideration here because it is essentially one that the Court erred in its application of the sentencing guidelines.  To the extent that he is questioning the Court's application of the guidelines, his claims are not cognizable here.  United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (claims that the sentencing guidelines were misapplied are not cognizable in § 2255 motion).

Finally, his claim, whether couched as a direct challenge to his sentence or as an ineffective assistance of counsel claim, fails on its merits.  Notably, it was discussed during the course of his plea agreement that the United States intended to hold him responsible for the full amount of the marijuana being transported by him and his co-defendant. (R. Tr. at 6.)  Moreover, he admitted the facts of the offense at his rearraignment as recited by the United States. (R. Tr. at 24.) These included the fact that he and his co-defendant arrived at the checkpoint with just one car in between them, that the marijuana was concealed in the same manner in both trucks, that the amount in his vehicle was approximately 466 kilograms, that his co-defendant's vehicle had approximately 636 kilograms of marijuana, and that he and his co-defendant were working together in hauling marijuana.  (R. Tr. at 22-24.)   The PSR further reflected that both vehicles had DNS Marine emblems on the doors, and that both defendants had blue shirts and caps with a "DNS Marine" emblem on them. (PSR at ¶¶ 4-8.)  Sheffield did not object to these facts.

Pursuant to U.S.S.G. § 1B1.3(a)(2), the relevant conduct properly attributed to a defendant includes all acts and omissions that were part of the same course of conduct or common scheme or

plan as the offense of conviction.  Additionally, pursuant to U.S.S.G. § 1B1.3(a)(1), a defendant is properly held responsible for the acts and omissions of others in furtherance of a jointly undertaken criminal activity.  The conduct at issue and the additional load of marijuana clearly qualifies as relevant conduct.

Notably, moreover, a sentencing court has broad discretion in considering the reliability of submitted information regarding the quantity of drugs involved in an offense.  United States v. Huskey, 137 F.3d 283, 291 (5th Cir. 1998).  The defendant bears the burden of showing that the information relied upon by the district court is materially untrue.  United States v. Cooper, 274 F.3d 230, 240 (5th Cir. 2001).  Sheffield has not shown that this Court relied on any improper information in determining the quantities of drugs involved.

Additionally, Sheffield's reliance on Booker is misplaced.  Booker was decided in 2005, and it rendered the sentencing guidelines advisory.  Under the new, post-Booker advisory guideline scheme, a sentencing court may consider facts neither admitted at rearraignment nor found by a jury.  The facts here amply supported the Court's finding that Sheffield should be held responsible for more than 1,000 kilograms of marijuana.

For all of these reasons, Sheffield cannot show that the Court erred in holding him accountable for the amounts in both vehicles.  Thus, even if Sheffield's claim were properly before the Court, it would not entitle Sheffield to relief.

Similarly, to the extent Sheffield couches his claim as an ineffective assistance of counsel claim at sentencing, it fails.  He cannot show either deficiency or prejudice, because counsel did object on this ground and the Court overruled the objection.  Moreover, Sheffield has not identified any other steps he believes counsel should have taken, nor how they would be successful.  In short,

10

he cannot establish that he would have received a different sentence absent his attorney's alleged

errors at sentencing.

For all of these reasons, Sheffield's § 2255 motion (D.E. 64)  is DENIED.

**D.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus

proceeding "unless a circuit justice or judge issues a certificate of appealability."   28 U.S.C.

§ 2253(c)(1)(A).  Although Sheffield has not yet filed a notice of appeal, the § 2255 Rules instruct

that this Court "must issue or deny a certificate of appealability when it enters a final order adverse

to the applicant." Rule 11, § 2255 Rules.  The Court thus turns to whether Sheffield is entitled to a

COA.

A COA "may issue...only if the applicant has made a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires

an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El

v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires

a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have

been resolved differently, or that the issues presented deserved encouragement to proceed further.

United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must

show both that "jurists of reason would find it debatable whether the petition states a valid claim of

11

the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Sheffield is not entitled to a COA. That is, reasonable jurists could not debate the Court's conclusion that his motion is barred by his waiver, nor could they debate that the issues he raises deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## V.  CONCLUSION

For the foregoing reasons, Sheffield's motion pursuant to 28 U.S.C.§ 2255 (D.E. 64) is DENIED.  He is also denied a Certificate of Appealability.

It is so ORDERED this 10th day of August, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE